UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re CORNELL COMPANIES, INC. SECURITIES LITIGATION | § § § | Civil Action No. H-02-0866 |
| | § | CLASS ACTION |
| This Document Relates To: | § § | |
| ALL ACTIONS. | § § | |

**STIPULATION OF SETTLEMENT**

This Stipulation of Settlement dated as of April 14, 2005 (the "Stipulation"), is made and entered into pursuant to Rule 23 of the Federal Rules of Civil Procedure and contains the terms of a settlement by and among the following Settling Parties (as defined further in Section IV hereof) to the above-entitled Litigation: (i) the Lead Plaintiff (on behalf of itself and each of the Settlement Class Members), by and through its counsel of record in the Litigation; and (ii) the Defendants, by and through their counsel of record in the Litigation.  The Stipulation is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims (as defined in ¶1.17), upon and subject to the terms and conditions hereof and subject to the approval of this Court.

## I.    THE LITIGATION

This is a securities class action arising from allegedly false and misleading statements by Cornell Companies, Inc. ("Cornell") regarding its success in deleveraging its balance sheet in order to improve its borrowing capacity and obtain a competitive advantage in the private for-profit prison industry. The case arises principally from statements made in connection with two transactions designed to move long-term debt off of Cornell's balance sheet – a synthetic lease transaction completed in August 2000 and a sale-leaseback transaction completed in August 2001 – and Cornell's subsequent announcements, on February 6 and March 6, 2002, that it was investigating the accounting for the transactions and would restate its financial statements to place debt associated with those transactions back on to its balance sheet.

This action (the "Litigation") was commenced on March 7, 2002 with the filing of a putative class action complaint by plaintiff Graydon Williams against Cornell and two of its officers, former CEO Steven Logan and former CFO John Hendrix.  On May 6, 2002, Flyline Partners L.P. ("Flyline") sought appointment as Lead Plaintiff pursuant to the provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA").  Flyline's motion was granted on February 13, 2003, and

Milberg Weiss Bershad Hynes and Lerach LLP was appointed as lead counsel on behalf of the class.[1]

On March 17, 2003 Flyline filed a Consolidated Complaint for Violation of the Federal Securities Laws, asserting claims under §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and Rule 10b-5 promulgated thereunder, on behalf of a proposed class of investors who purchased Cornell's publicly-traded common stock between March 6, 2001 and March 5, 2002. Flyline was joined by named plaintiff Richard Picard, who also asserted claims under §§11 and 15 of the Securities Act of 1933 ("1933 Act") on behalf of a subclass of investors who purchased 3.45 million shares of Cornell common stock sold in a Secondary Offering completed on November 27, 2001.

Defendants moved to dismiss the complaint for failure to state a claim and failure to meet the stringent pleading standards under the PSLRA. On September 15, 2003, while that motion was pending, plaintiffs sought and were subsequently granted leave to amend their initial consolidated complaint. Plaintiffs' First Amended Consolidated Complaint for Violation of the Federal Securities Laws was filed on October 30, 2003, and again asserted claims under §§10(b) and 20(a) of the Exchange Act and §§11 and 15 of the 1933 Act. Defendants again moved to dismiss the new complaint for failure to state a claim and for failure to meet the PSLRA pleading requirements.

On September 21, 2004, while Defendants' new motion was pending, the parties attended a one-day mediation with the Hon. Layn R. Phillips (Ret.) to discuss the possible settlement of this action. Although no settlement was reached at the mediation, the parties continued informal

---

[1]     Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") was subsequently formed when the east and west coast partners of Milberg Weiss divided into two separate law firms. The attorneys involved in this case joined the new west coast firm, Lerach Coughlin, which now serves as Lead Counsel in this case.

settlement discussions thereafter. On or about February 3, 2005, the parties reached an agreement-in-principle on the monetary terms of a proposed settlement that both Lead Plaintiff and Lead Counsel believed was fair, reasonable and adequate and in the best interests of the proposed class. On March 31, 2005, while the parties were still discussing other material terms of the proposed settlement, the Court issued its order granting Defendants' motion to dismiss plaintiffs' claims under the Exchange Act, but denying their motion to dismiss plaintiffs' claims under the 1933 Act. The parties thereafter finalized the terms of their proposed settlement, and notified the Court on April 14, 2005 that an agreement to resolve this Litigation had been reached.

## II.   DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

The Defendants have denied and continue to deny each and all of the claims and contentions alleged by the Lead Plaintiff in the Litigation. The Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. The Defendants also have denied and continue to deny, inter alia, the allegations that the Lead Plaintiff or the Settlement Class have suffered any damages, or that the Lead Plaintiff or the Settlement Class were harmed by the conduct alleged in the Litigation.

Nonetheless, the Defendants have concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. The Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like this Litigation. The Defendants have, therefore, determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

### III.   CLAIMS OF THE LEAD PLAINTIFF AND BENEFITS OF SETTLEMENT

The Lead Plaintiff believes that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims.  However, counsel for the Lead Plaintiff recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against the Defendants through trial and through appeals.  Counsel for the Lead Plaintiff also have taken into account the additional risks to recovery arising as a result of the Court's order of March 31, 2005, dismissing claims under the Exchange Act, as well as the uncertain outcomes and risks inherent in any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation.  Counsel for the Lead Plaintiff also are mindful of the inherent problems of proof under and possible defenses to the violations asserted in the Litigation.  Counsel for the Lead Plaintiff and the Lead Plaintiff believe that the settlement set forth in the Stipulation confers substantial benefits upon the Settlement Class.  Based on their evaluation, counsel for the Lead Plaintiff have determined that the settlement set forth in the Stipulation is in the best interests of the Lead Plaintiff and the Settlement Class.

### IV.   TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Lead Plaintiff (for itself and the Settlement Class Members) and the Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

#### 1.   Definitions

As used in the Stipulation the following terms have the meanings specified below:

1.1    "Authorized Claimant" means any Settlement Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2    "Claimant" means any Settlement Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

1.3    "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.4    "Class Period" means the period commencing on March 6, 2001 through and including March 5, 2002.

1.5    "Cornell" means Cornell Companies, Inc. and any or all of its predecessors, successors, parents, subsidiaries, divisions, officers, directors, employees and/or related or affiliated entities.

1.6    "Defendants" means Cornell and the Individual Defendants.

1.7    "Effective Date" means the first date by which all of the events and conditions specified in 7.1 of the Stipulation have been met and have occurred.

1.8    "Escrow Agent" means the law firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP or its successor(s).

1.9    "Final" means the later of:

(i)    if there is an appeal, the date on which the Judgment (which has not been altered, amended, or modified in any respect by any Court without express consent by all parties) is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of appeal or otherwise; or

(ii)    if there is no appeal, the expiration of the time for the filing or noticing of any appeal from the Court's Judgment approving the Stipulation substantially in the form of Exhibit B attached hereto; *i.e.*, thirty (30) days after entry of the Judgment.

For purposes of this paragraph, an "appeal" shall include any request for reargument or reconsideration or petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this settlement other than one concerning attorneys' fees or the plaintiffs' allocation. Any proceeding or order, or any appeal or petition for a writ of certiorari pertaining solely to any plan of allocation and/or application for attorneys' fees, costs, or expenses, shall not in any way delay or preclude the Judgment from becoming Final.

1.10  "Individual Defendants" means Steven W. Logan and John L. Hendrix.

1.11  "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.12  "Lead Counsel" means Lerach Coughlin Stoia Geller Rudman & Robbins LLP, Darren J. Robbins, Keith F. Park, 401 B Street, Suite 1600, San Diego, California, 92101 and Lerach Coughlin Stoia Geller Rudman & Robbins LLP, Dennis J. Herman, Sylvia Wahba Keller, 100 Pine Street, Suite 2600, San Francisco, California, 94111.

1.13  "Lead Plaintiff" means Flyline Partners L.P. (for itself and the Settlement Class Members, including named plaintiff Richard Picard and the subclass on whose behalf he asserts claims under §§11 and 15 of the Securities Act of 1933 for purchases of 3.45 million shares of Cornell common stock sold in a Secondary Offering completed on November 27, 2001).

1.14  "Person" means an individual, corporation, partnership, limited partnership, limited liability partnership (LLP), limited liability corporation (LLC), association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.15  "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund (defined in ¶1.23 below) whereby the Settlement Fund shall be distributed to Authorized Claimants

after payment of expenses of notice and administration of the settlement, Taxes and Tax Expenses (defined in ¶2.7(c) below) and such attorneys' fees, costs, expenses and interest as may be awarded by the Court. Any Plan of Allocation is not part of the Stipulation and Defendants and their Related Parties shall have no responsibility or liability with respect thereto.

1.16    "Related Parties" means each of a Defendant's past or present directors, officers, employees, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, banks or investment banks, advisors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant has a controlling interest, any member of an Individual Defendant's immediate family, or any trust of which any Defendant is the settlor or which is for the benefit of any Individual Defendant and/or member(s) of his family.

1.17    "Released Claims" shall collectively mean all claims (including "Unknown Claims" as defined in ¶1.25 hereof), demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that might have been asserted (including, without limitation, claims for negligence, gross negligence, breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, or violations of any state or federal statutes, rules or regulations) by the Lead Plaintiff or any Settlement Class Member against the Released Persons (as defined below) arising out of, based upon or related to any of the following: (a) both the purchase of Cornell common stock by the Lead Plaintiff or any Settlement Class Member during the Class Period and the allegations set forth or that could have been set forth in the Litigation by Lead Plaintiff; (b) the purchase, sale or other disposition of Cornell common stock by any of the Defendants during the Class Period; and (c) the settlement or resolution of the Litigation (including, without limitation, any claim for attorneys' fees by Lead Plaintiff or Settlement Class Members).

1.18    "Released Persons" means each and all of the Defendants and their Related Parties.

1.19    "Representative Plaintiffs" means Flyline and Richard Picard.

1.20    "Settlement Class" means the class to be certified for settlement purposes only and is defined as all Persons who purchased Cornell common stock at any time during the period commencing on March 6, 2001 through and including March 5, 2002, including named plaintiff Richard Picard and the subclass on whose behalf he asserted claims under §§11 and 15 of the Securities Act of 1933 for purchases of 3.45 million shares of Cornell common stock sold in a Secondary Offering completed on November 27, 2001.  Excluded from the Settlement Class are Defendants, members of the immediate families of the Individual Defendants, any entity in which any Defendant has or had a controlling interest, directors and officers of Cornell, and the legal representatives, heirs, successors, or assigns of any such excluded Person.  Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the "Notice of Pendency and Settlement of Class Action" (attached hereto as Exhibit A-1) to be sent to Settlement Class Members.

1.21    "Settlement Class Member" or "Member of the Settlement Class" mean a Person who falls within the definition of Settlement Class as set forth in ¶1.20 of the Stipulation.

1.22    "Settlement Class Period" means the period commencing on March 6, 2001 through and including March 5, 2002.

1.23    "Settlement Fund" means the principal amount of Seven Million Dollars ($7,000,000) in cash plus all interest earned thereon to be paid pursuant to ¶2.1 hereof.

1.24    "Settling Parties" means, collectively, each of the Defendants and the Lead Plaintiff on behalf of itself and the Members of the Settlement Class.

1.25    "Unknown Claims" means any and all Released Claims which the Lead Plaintiff or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of

the release of the Released Persons even those which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiff shall expressly and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights and benefits of California Civil Code §1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Lead Plaintiff shall expressly and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. The Lead Plaintiff and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Lead Plaintiff shall expressly and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Lead Plaintiff acknowledges, and the Settlement Class

Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

### 2.     The Settlement

#### a.     The Settlement Fund

2.1     The principal amount of $7 million in cash shall be transferred to the Escrow Agent within ten (10) business days of preliminary approval of this settlement by the Court.  If the $7 million is not paid into an interest-bearing escrow account within ten (10) business days of preliminary approval of the settlement, interest will accrue at 6.25% per annum from April 14, 2005 on the amount unpaid until the total Settlement Fund is deposited into the Escrow Account. Alternatively, if the entire amount of the Settlement Fund is not transferred to the Escrow Agent as provided for within ten (10) business days of preliminary approval, Lead Plaintiff may terminate this Stipulation.

#### b.     The Escrow Agent

2.2     The Escrow Agent may invest the Settlement Fund deposited pursuant to ¶2.1 hereof in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  The Escrow Agent shall bear all risks related to investment of the Settlement Fund.

2.3     The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants and Lead Counsel.

2.4     Subject to further order and/or direction as may be made by the Court, the Escrow Agent is authorized to execute such transactions on behalf of the Settlement Class Members as are consistent with the terms of the Stipulation.

2.5     All funds held by the Escrow Agent shall be deemed and considered to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.6     Within five (5) days after payment of the Settlement Fund to the Escrow Agent pursuant to ¶2.1 hereof, the Escrow Agent may establish a "Class Notice and Administration Fund," and may deposit up to $200,000 from the Settlement Fund in it.  After the Court preliminarily approves the settlement, the Class Notice and Administration Fund may be used by Lead Counsel to pay costs and expenses reasonably and actually incurred in connection with providing notice to the Settlement Class, locating Settlement Class Members, soliciting claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms and paying escrow fees and costs, if any, provided, however that no such costs, expenses, or fees shall be paid before Court approval of the Notice Order described in ¶3.1 below.  The Class Notice and Administration Fund shall also be invested and earn interest as provided for in ¶2.2 of this Stipulation.  In addition, no more than $200,000 may be spent on class notice and administration until after the Judgment is Final.  Should the Court decline to grant final approval of the settlement, the Settlement Fund shall be returned to Defendants less any actual, recorded cost incurred for notice and administration but no more than the $200,000 allocated for the Class Notice and Administration Fund, i.e., no less than $6.8 million plus interest shall be returned to Defendants.

- 11 -

c.      **Taxes**

2.7      (a)      The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.7, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)      For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the election described in ¶2.7(a) hereof) shall be consistent with this ¶2.7 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.7(c) hereof.

(c)      All (i) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Defendants or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and (ii) expenses and costs incurred in connection with the operation and implementation of this ¶2.7 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and

- 12 -

expenses relating to filing (or failing to file) the returns described in this ¶2.7) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Defendants and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses. The Escrow Agent shall indemnify and hold each of the Released Persons, Defendants and their Related Parties and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither the Defendants nor their counsel are responsible nor shall they have any liability therefore. The parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.7.

(d)     For the purpose of this ¶2.7, references to the Settlement Fund shall include both the Settlement Fund and the Class Notice and Administration Fund and shall also include any earnings thereon.

**d.     Termination of Settlement**

2.8     In the event the Court does not enter the preliminary approval order, the entire $7 million Settlement Fund and interest (net of Taxes and Tax Expenses), including the Class Notice and Administration Fund, shall be refunded by the Escrow Agent pursuant to written instructions from counsel for Defendants. After the Court enters the preliminary approval order, if the settlement is not approved, or is terminated, canceled, or fails to become effective for any reason, the

- 13 -

Settlement Fund (including accrued interest) shall be returned to Defendants less any actual, recorded cost incurred for notice and administration of no more than the $200,000 allocated for the Class Notice and Administration Fund, *i.e.*, no less than $6.8 million shall be returned to Defendants.

### 3.     Notice Order and Settlement Hearing

3.1     As soon as practical following execution of the Stipulation, Lead Counsel shall submit the Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Notice Order"), substantially in the form of Exhibit A hereto, requesting, *inter alia*, the certification of the Settlement Class for the purpose of settlement, preliminary approval of the settlement set forth in the Stipulation, and approval for the mailing of a settlement notice (the "Notice") and publication of a summary notice, substantially in the forms of Exhibits A-1 and A-3 attached hereto.  The Notice shall include the general terms of the settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application as defined in ¶6.1 hereof and the date of the Settlement Hearing as defined below.

3.2     Lead Counsel shall request that after notice is given, the Court hold a hearing (the "Settlement Hearing") and approve the settlement of the Litigation as set forth herein.  At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

### 4.     Releases

4.1     The Proof of Claim and Release to be executed by Settlement Class Members shall release all Release Claims against the Released Persons and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.2     Upon the Effective Date, as defined in ¶1.7 hereof, Lead Plaintiff and each of the Settlement Class Members on behalf of themselves, their heirs, executors, administrators, successors, assigns, all in their capacities as such, shall be deemed to have, and by operation of the

Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims (including Unknown Claims) against the Released Persons, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release or otherwise shares in the Settlement Fund.

4.3     Upon the Effective Date, as defined in ¶1.7 hereof, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Settlement Class Members and counsel to the Lead Plaintiff from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

5.      **Administration and Calculation of Claims, Final Awards and Supervision and Distribution of Settlement Fund**

5.1     The Claims Administrator, subject to such supervision and direction of the Court and/or Lead Counsel, as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund (defined below) to Authorized Claimants.

5.2     The Settlement Fund shall be applied as follows:

(a)     to pay counsel to the Lead Plaintiff attorneys' fees, expenses and costs with interest thereon (the "Fee and Expense Award"), if and to the extent allowed by the Court;

(b)     to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Settlement Class Members, soliciting Settlement Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms and paying escrow fees and costs, if any;

(c)     to pay the Taxes and Tax Expenses described in ¶2.7 hereof; and

- 15 -

(d)     to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.3     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

5.4     Within ninety (90) days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release and as are reasonably available to the Authorized Claimant.

5.5     Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a Proof of Claim and Release within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment. Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept for processing late submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed.

5.6     The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation to be described in the Notice and approved by the Court.

5.7     The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the providing of notice, the investment or distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes, or any losses incurred in connection therewith.

5.8     No Person shall have any claim against Lead Counsel, the Claims Administrator or Released Persons or their counsel based on the distributions made substantially in accordance with the Stipulation and the settlement contained therein, the Plan of Allocation, or further order(s) of the Court.

5.9     It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the settlement set forth therein, or any other orders entered pursuant to the Stipulation.

## 6.     Lead Counsel's Attorneys' Fees and Reimbursement of Expenses

6.1     Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions to them from the Settlement Fund for an award of attorneys' fees and reimbursement of expenses incurred in connection with prosecuting the Litigation, plus any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid). Lead Counsel reserve the right to make additional applications for fees and expenses incurred. The Representative Plaintiffs may submit an application for reimbursement

of their expenses (including lost wages) incurred in representing the Settlement Class in the Litigation.

6.2　　The attorneys' fees and expenses, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes an order awarding such fees and expenses. Lead Counsel shall thereafter allocate the attorneys' fees amongst other plaintiffs' counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the prosecution and settlement of the Litigation. In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then Lead Counsel and such other plaintiffs' counsel shall within five (5) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund the fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the the Settlement Fund in an amount consistent with such reversal or modification. Each plaintiffs' counsel's law firm as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.3　　The procedure for and the allowance or disallowance by the Court of any applications by Lead Counsel for attorneys' fees and expenses to be paid out of the Settlement Fund, are not part of the settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to

terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Litigation set forth therein.

6.4     Defendants and their Related Parties shall have no responsibility for any Fee and Expense Award that the Court may make in the Litigation.

6.5     Defendants shall have no responsibility for, and no liability whatsoever with respect to, any payment to Lead Counsel or other plaintiffs' counsel from the Settlement Fund.

## 7.     Conditions of Settlement, Effect of Disapproval, Cancellation or Termination

7.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     Defendants have timely made or caused to be made their contributions to the Settlement Fund as required by ¶2.1 hereof;

(b)     the Court has entered the Notice Order, as required by ¶3.1 hereof;

(c)     the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto;

(d)     the Judgment has become Final, as defined in ¶1.9 hereof; and

(e)     Defendants have not exercised their option to terminate the Stipulation in accordance with the terms of the Supplemental Agreement described in ¶7.2.

7.2     If prior to the Settlement Hearing, Persons who otherwise would be Settlement Class Members have submitted timely and valid requests for exclusion from the Settlement Class in accordance with the provisions of the Notice and such Persons have purchased in the aggregate a total number of shares greater than the number specified in a separate Supplemental Agreement Regarding Requests for Exclusion (the "Supplemental Agreement"), Defendants shall have the option (which option must be exercised unanimously) to terminate the Stipulation in accordance with the provisions set forth in the Supplemental Agreement.  The Supplemental Agreement will not be

- 19 -

filed with the Court unless and until a dispute among the parties concerning its interpretation or application arises and in that event, the Supplemental Agreement shall be filed and maintained by the Court under seal.

7.3     Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.   If all of the conditions specified in ¶7.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶7.5 hereof unless Lead Counsel and counsel for Defendants mutually agree in writing to proceed with the Stipulation.

7.4     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for Defendants or Lead Counsel to the Escrow Agent, subject to the terms of ¶¶2.6 and 2.8 hereof, the Settlement Fund (including accrued interest), plus any amount then remaining in the Class Notice and Administration Fund (including accrued interest), less expenses and any costs which have either been disbursed pursuant to ¶¶2.6 and 2.8 hereof, or are determined to be chargeable to the Class Notice and Administration Fund (up to a total of $200,000), shall be refunded by the Escrow Agent to the Defendants pursuant to written instructions from Defendants' counsel.   At the request of counsel to the Defendants, the Escrow Agent or its designee shall apply for any tax refund owed to the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, to the Defendants at the written direction of counsel to the Defendants.

7.5     In the event that the Stipulation is not approved by the Court or the settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of April 13, 2005. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.25, 2.8, 6.2-

6.5, 7.4-7.7, 8.2-8.3, 8.8-8.14 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, nunc pro tunc. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses and interest awarded by the Court to the Lead Plaintiff or its counsel shall constitute grounds for cancellation or termination of the Stipulation.

7.6     If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither the Lead Plaintiff nor its counsel shall have any obligation to repay any amounts actually and properly disbursed from the Class Notice and Administration Fund up to a total of $200,000. However, no funds shall be disbursed for the Class Notice and Administration Fund or any other purpose before the Court's approval of the Notice Order described in ¶3.1. In addition, any expenses already incurred and properly chargeable to the Class Notice and Administration Fund pursuant to ¶2.6 hereof at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶2.8 and ¶7.4 hereof. However, if the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, Defendants shall receive back no less than $6.8 million from the Settlement Fund plus interest.

7.7     If a case is commenced in respect to any Defendant under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver or conservator is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of the Settlement Fund, or any portion thereof, by or on behalf of such Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction, then, as to such Defendant,

the releases given and Judgment entered in favor of such Defendant pursuant to this Stipulation shall be null and void.

7.8     Each of the Defendants warrants and represents that he or it is not "insolvent" within the meaning of 11 U.S.C. §101(32) as of the time this Stipulation is executed and as of the time any payments are transferred or made as required by this Stipulation.  The representation is made by each Defendant as to himself or itself and is not made by counsel for Defendants.

## 8.     Miscellaneous Provisions

8.1     The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

8.2     The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The settlement compromises claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the settlement  were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.  The Judgment will contain a finding that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.  The Settling Parties may issue a press releases concerning the settlement but may not contradict any of the foregoing language in this ¶8.2.

8.3     Neither the Stipulation nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or any other defense or counterclaim.

8.4     All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

8.5     All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.6     This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.7     This Stipulation and the Exhibits attached hereto and the Supplemental Agreement constitute the entire agreement among the parties hereto and no representations, warranties or inducements have been made to any party concerning the Stipulation or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents. Except as otherwise provided herein, each party shall bear its own costs.

8.8     Lead Counsel, on behalf of the Settlement Class, are expressly authorized by the Lead Plaintiff to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any

modifications or amendments to the Stipulation on behalf of the Settlement Class which they deem appropriate.

8.9     Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

8.10    The Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

8.11    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

8.12    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Stipulation.

8.13    The Stipulation and the Exhibits hereto shall be governed by federal law, including Rule 23 of the Federal Rules of Civil Procedure.

8.14    To the extent not covered by federal law, this Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Texas, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Texas without giving effect to that State's choice-of-law principles.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated as of April 14, 2005.

8.9    Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

8.10    The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of original executed counterparts shall be filed with the Court.

8.11    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

8.12    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Stipulation.

8.13    The Stipulation and the Exhibits hereto shall be governed by federal law, including Rule 23 of the Federal Rules of Civil Procedure.

8.14    To the extent not covered by federal law, this Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Texas, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Texas without giving effect to that State's choice-of-law principles.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated as of April 14, 2005.

SCHWARTZ, JUNELL, GREENBERG
& OATHOUT, LLP
ROGER B. GREENBERG
State Bar No. 08390000
Federal I.D. No. 3932


_____
ROGER B. GREENBERG

- 24 -

Two Houston Center
909 Fannin, Suite 2000
Houston, TX  77010
Telephone:  713/752-0017
713/752-0327 (fax)

CROWLEY DOUGLAS & NORMAN, LLP
TIMOTHY J. CROWLEY
State Bar No. 05170700
RICHARD E. NORMAN
State Bar No. 00788128
1301 McKinney Street, Suite 3500
Houston, TX  77010-3034
Telephone:  713/651-1771

**Attorneys in Charge and
Liaison Counsel for Plaintiffs**

**Lead Counsel for Plaintiffs:**

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
WILLIAM S. LERACH
KEITH F. PARK
401 B Street, Suite 1600
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
PATRICK J. COUGHLIN
DENNIS J. HERMAN
SYLVIA WAHBA KELLER
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

THOMPSON & KNIGHT
TIMOTHY MCCORMICK

TIMOTHY MCCORMICK

- 25 -

1700 Pacific Avenue, Suite 3300
Dallas, TX  75201-4693
Telephone:  214/969-1700
214/969-1751 (fax)

AKIN, GUMP, STRAUSS, HAUER
  & FELD, L.L.P.
PAUL BESSETTE

PAUL BESSETTE

300 West 6th Street, Suite 2100
Austin, TX  78701
Telephone:  512/499-6200
512/499-6290 (fax)

Counsel for Defendants

C:\DOCUME~1\change\LOCALS~1\Temp\MetaSave\8-16 V1-STP00021148.doc

- 26 -

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re CORNELL COMPANIES, INC. SECURITIES LITIGATION | § § § | Civil Action No. H-02-0866 |
| | § | CLASS ACTION |
| | § | |
| This Document Relates To: | § § | |
| ALL ACTIONS. | § § | |

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE**

**EXHIBIT A**

WHEREAS, a consolidated class action is pending in the Court entitled *In re Cornell Companies, Inc. Securities Litigation*, Civil Action No. H-02-0866 (the "Litigation");

WHEREAS, the parties having made application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order approving the settlement of this action, in accordance with a Stipulation of Settlement dated as of April 14, 2005 (the "Stipulation") and the Supplemental Agreement, which, together with the Exhibits annexed thereto sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein as being fair, just, reasonable and adequate as to the Settlement Class Members, subject to further consideration at the Settlement Hearing described below.

2.      A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2005, at ___:___ ___.m., in Courtroom 9A, 9th Floor of the Bob Casey United States Courthouse located at 515 Rusk Street, Houston, Texas, to certify the Settlement Class and to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, just, reasonable and adequate as to the Settlement Class and should be approved by the Court; whether a Judgment as provided in ¶1.11 of the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Lead Counsel and the Representative Plaintiffs. The

Court may adjourn the Settlement Hearing without further notice to Members of the Settlement Class.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this settlement, a Settlement Class of all Persons who purchased Cornell common stock at any time during the period commencing on March 6, 2001 through and including March 5, 2002 including named plaintiff Richard Picard and the subclass on whose behalf he asserted claims under §§11 and 15 of the Securities Act of 1933 for purchases of 3.45 million shares of Cornell common stock sold in a Secondary Offering completed on November 27, 2001. Excluded from the Settlement Class are Defendants, members of the immediate families of the Individual Defendants, any entity in which any Defendant has or had a controlling interest, directors and officers of Cornell, and the legal representatives, heirs, successors, or assigns of any such excluded Person. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the "Notice of Pendency and Settlement of Class Action" to be sent to Settlement Class Members pursuant to this Order.

4.      With respect to the Settlement Class, this Court preliminarily finds that: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class; (d) Lead Plaintiff and its counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the

desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

5.      The Court approves, as to form and content, the Notice of Pendency and Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice annexed as Exhibits A-1, A-2 and A-3 hereto and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶6 and 7 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

6.      Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints the firm of Gilardi & Co. LLC, 1115 Magnolia Avenue, Larkspur, CA 94939 ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)      Not later than _____, 2005 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Settlement Class Members who can be identified with reasonable effort;

(b)      Not later than _____, 2005, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily*; and

(c)      Not later than _____, 2005, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

7.      Nominees who purchased the common stock of Cornell for the benefit of another Person during the period beginning March 6, 2001 through and including March 5, 2002, shall be requested to send the Notice and the Proof of Claim to all such beneficial owners of Cornell common

- 3 -

stock within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.

8.      Any Person falling within the definition of the Settlement Class who desires to request exclusion from the Settlement Class shall do so within the time set forth and in the manner described in the Notice.  Unless the Court orders otherwise, no request for exclusion shall be valid unless it is made within the time set forth and in the manner described in the Notice.

9.      All Members of the Settlement Class who do not submit a valid request for exclusion shall be bound by all determinations and judgments in the Litigation concerning the settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Settlement Class.

10.      Settlement Class Members who wish to participate in the settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proof of Claim forms must be submitted no later than ninety (90) days from the Notice Date.  Any Settlement Class Member who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court.  Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept for processing late claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

11.      Any Member of the Settlement Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

12.     All proceedings in the Litigation are stayed until further order of the Court, except as may be necessary to implement the settlement or comply with the terms of the Stipulation. Pending final determination of whether the settlement should be approved, neither the Lead Plaintiff nor any Settlement Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Persons, any action or proceeding in any court or tribunal asserting any of the Released Claims.

13.     Any Member of the Settlement Class may appear and show cause, if he, she or it has any, why the proposed settlement of the Litigation should or should not be approved as fair, just, reasonable and adequate, or why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to counsel for the Lead Plaintiff or the expenses (including lost wages) of the Representative Plaintiffs incurred in prosecuting the Litigation; provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Lead Counsel or the Representative Plaintiffs, unless written objections and copies of any papers and briefs are received by Keith F. Park, Lerach Coughlin Stoia Geller Rudman & Robbins LLP, 401 B St., Ste. 1600, San Diego, CA 92101; Timothy McCormick, Thompson & Knight, 1700 Pacific Ave., Ste. 3300, Dallas, TX 75201; and Paul Bessette, Akin, Gump, Strauss, Hauer & Feld, L.L.P., 300 West 5th St., Ste. 2100, Austin, TX 78701, on or before _____, 2005; and said objections, papers and briefs are filed with the Clerk of the Court for the Southern District of Texas, on or before _____, 2005. Any Member of the Settlement Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, justness,

- 5 -

reasonableness or adequacy of the proposed settlement as incorporated in the Stipulation, to the Plan of Allocation, and to the award of attorneys' fees and expenses to Lead Counsel or the Representative Plaintiffs, unless otherwise ordered by the Court.

14.     The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved.  No Person that is not a Settlement Class Member or Lead Counsel shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

15.     Neither the Defendants nor Defendants' counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted by plaintiffs' counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the settlement.

16.     All funds held by the Escrow Agent shall be deemed and considered to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

17.     All motions and papers in support of the settlement, the Plan of Allocation, and any application by counsel for the Lead Plaintiff for attorneys' fees or reimbursement of expenses shall be filed and served on or before _____, 2005.

18.     All reasonable costs incurred in identifying and notifying Settlement Class Members, as well as in administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiff nor Lead Counsel shall have any obligation to repay to Defendants the reasonable and actual costs of class notice and of administration up to $200,000 other than as specified in the Stipulation.

19.    Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation or of any liability, fault, or wrongdoing of any kind.

20.    The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

IT IS SO ORDERED.

DATED: _____     _____

                                   THE HONORABLE VANESSA D. GILMORE
S:\Settlement\Cornell.set\V1-EA-00021137.doc     UNITED STATES DISTRICT JUDGE

# EXHIBIT
# A-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re CORNELL COMPANIES, INC. SECURITIES LITIGATION | § § § | Civil Action No. H-02-0866 CLASS ACTION |
| This Document Relates To: ALL ACTIONS. | § § § § § | |

**NOTICE OF PENDENCY AND SETTLEMENT OF CLASS ACTION**

**EXHIBIT A-1**

TO: ALL PERSONS WHO PURCHASED CORNELL COMPANIES, INC. ("CORNELL") COMMON STOCK DURING THE PERIOD MARCH 6, 2001 THROUGH MARCH 5, 2002, INCLUSIVE

PLEASE READ THIS NOTICE CAREFULLY. THIS NOTICE RELATES TO A PROPOSED SETTLEMENT OF A CLASS ACTION, AND IF YOU ARE A CLASS MEMBER, CONTAINS IMPORTANT INFORMATION AS TO YOUR RIGHTS CONCERNING THE SETTLEMENT AS FURTHER DESCRIBED BELOW. IF YOU ARE A MEMBER OF THE CLASS AND DO NOT SUBMIT A TIMELY REQUEST FOR EXCLUSION, YOU WILL BE BOUND BY THE RELEASE WHETHER OR NOT YOU SUBMIT A CLAIM.

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Southern District of Texas (the "Court"), and Rule 23 of the Federal Rules of Civil Procedure, that a settlement in the amount of $7,000,000 in cash (the "Settlement") of the above-captioned action (the "Litigation") has been reached by the parties, which Settlement is subject to approval by the Court.

Your recovery from this fund will depend on a number of variables, including the number of Cornell common stock shares you purchased during the period March 6, 2001 to March 5, 2002, whether you purchased shares in or traceable to a Secondary Offering completed by Cornell on November 27, 2001, and the timing of your purchases and any sales. Depending on the number of eligible shares purchased by Settlement Class Members who elect to participate in the Settlement and when those shares were purchased and sold, the estimated average distribution per share will be approximately $1.26 before deduction of Court-approved fees and expenses.

Lead Plaintiff and Defendants do not agree on the average amount of damages per share that would be recoverable if the Lead Plaintiff was to have prevailed on each claim alleged. The issues on which the parties disagree include, but are not limited to: (1) the appropriate economic model for determining the amount by which Cornell common stock was allegedly artificially inflated (if at all)

during the Settlement Class Period; (2) the amount by which Cornell common stock was allegedly artificially inflated (if at all) during the Settlement Class Period; (3) the effect of various market forces influencing the trading price of Cornell common stock at various times during the Settlement Class Period; (4) the extent to which external factors, such as general market and industry conditions, influenced the trading price of Cornell common stock at various times during the Settlement Class Period; (5) the extent to which the various matters that Lead Plaintiff alleged were materially false or misleading influenced (if at all) the trading price of Cornell common stock at various times during the Settlement Class Period; (6) the extent to which the various allegedly adverse material facts that Lead Plaintiff alleged were omitted influenced (if at all) the trading price of Cornell common stock at various times during the Settlement Class Period; and (7) whether the statements made or facts allegedly omitted were material, false, misleading or otherwise actionable under the securities laws.

Lead Plaintiff believes that the proposed Settlement is the best available and is in the best interests of the Settlement Class. There are significant risks associated with continuing to litigate and proceeding to trial. On March 31, 2005 the Court dismissed Lead Plaintiff's claims asserted under §§10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder, and it is not certain that Lead Plaintiff would be granted leave to, or could, amend the complaint to address the deficiencies identified by the Court, or that it would be successful in an effort to appeal the Court's decision. The Settlement Class also faced the possibility that the remaining claims under §§11 and 15 of the Securities Act of 1933 could also have been dismissed before trial, including on grounds asserted by Defendants that the claims were barred by certain statutes of limitation. In addition, there was a danger that the Settlement Class would not have prevailed on their claims against the Defendants even if their claims eventually went to trial, in which case the Settlement Class would receive nothing. Further, had the case proceeded to trial and

assuming the Lead Plaintiff had been able to establish liability of the Defendants, the amount of damages recoverable by Settlement Class Members would have been subject to rigorous attack by the Defendants.  Recoverable damages are limited to losses caused by conduct actionable under applicable securities laws and, had the Litigation gone to trial, Defendants would have tried to prove that all or most of the losses of Settlement Class Members were caused by non-actionable market, industry or other general economic factors.  The proposed Settlement eliminates these risks and provides an immediate recovery for Settlement Class Members.

Lead Plaintiff's counsel have not received any payment for their services in prosecuting this Litigation on behalf of the Lead Plaintiff and the Members of the Settlement Class.  If the Settlement is approved by the Court, counsel for the Lead Plaintiff will apply to the Court for attorneys' fees of up to 25% of the Settlement Fund.  Lead Counsel will also seek reimbursement of expenses incurred in prosecuting the Litigation from the Settlement Fund not to exceed $200,000.  If the amount requested by counsel is approved by the Court, the average cost per share would be $0.35.  In addition, the Representative Plaintiffs will seek reimbursement of their expenses (including lost wages) it incurred in prosecuting the Litigation on behalf of the Settlement Class not to exceed $2,000.00 each.

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation or the merits of the claims or defenses asserted.  This Notice is to advise you of the proposed Settlement and of your rights in connection therewith.

For further information regarding this Settlement you may contact: Rick Nelson, Lerach Coughlin Stoia Geller Rudman & Robbins LLP, 401 B Street, Suite 1600, San Diego, California 92101, Telephone: 800/449-4900.  Please do not contact the Court or Cornell.

# I.    DEFINITIONS

As used in this Notice, the following terms have the meanings specified below:

1.    "Cornell" means Cornell Companies, Inc. and any or all of its predecessors, successors, parents, subsidiaries, divisions, officers, directors, employees and/or related or affiliated entities.

2.    "Defendants" means Cornell and the Individual Defendants.

3.    "Individual Defendants" means Steven W. Logan and John L. Hendrix.

4.    "Lead Plaintiff" means Flyline Partners L.P. ("Flyline") (for itself and the Settlement Class Members, including named plaintiff Richard Picard and the subclass on whose behalf he asserts claims under §§11 and 15 of the Securities Act of 1933 for purchases of 3.45 million shares of Cornell common stock sold in a Secondary Offering completed on November 27, 2001).

5.    "Person" means an individual, corporation, partnership, limited partnership, limited liability partnership (LLP), limited liability corporation (LLC), association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

6.    "Related Parties" means each of a Defendant's past or present directors, officers, employees, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, banks or investment banks, advisors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant has a controlling interest, any member of an Individual Defendant's immediate family, or any trust of which any Defendant is the settlor or which is for the benefit of any Individual Defendant and/or member(s) of his family.

7.    "Released Claims" shall collectively mean all claims (including "Unknown Claims" as defined below), demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that might have been asserted (including, without limitation, claims for negligence, gross negligence, breach of duty

of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, or violations of any state or federal statutes, rules or regulations) by the Lead Plaintiff or any Settlement Class Member against the Released Persons (as defined below) arising out of, based upon or related to any of the following: (a) both the purchase of Cornell common stock by the Lead Plaintiff or any Settlement Class Member during the Settlement Class Period and the allegations set forth or that could have been set forth in the Litigation by Lead Plaintiff; (b) the purchase, sale or other disposition of Cornell common stock by any of the Defendants during the Settlement Class Period; and (c) the settlement or resolution of the Litigation (including, without limitation, any claim for attorneys' fees by Lead Plaintiff or Settlement Class Members).

8.      "Released Persons" means each and all of the Defendants and their Related Parties.

9.      "Representative Plaintiffs" means Flyline and Richard Picard.

10.      "Settlement Class" means the class to be certified for settlement purposes only and is defined as all Persons who purchased Cornell common stock at any time during the period commencing on March 6, 2001 through and including March 5, 2002, including named plaintiff Richard Picard and the subclass on whose behalf he asserted claims under §§11 and 15 of the Securities Act of 1933 for purchases of 3.45 million shares of Cornell common stock sold in a Secondary Offering completed on November 27, 2001.  Excluded from the Settlement Class are Defendants, members of the immediate families of the Individual Defendants, any entity in which any Defendant has or had a controlling interest, directors and officers of Cornell, and the legal representatives, heirs, successors, or assigns of any such excluded Person.  Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to this Notice.

11.      "Settlement Class Member" or "Member of the Settlement Class" mean a Person who falls within the definition of Settlement Class as set forth in paragraph 10 above.

12.      "Settlement Class Period" means the period commencing on March 6, 2001 through and including March 5, 2002.

13.    "Unknown Claims" means any and all Released Claims which the Lead Plaintiff or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons even those which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiff shall expressly and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights and benefits of California Civil Code §1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Lead Plaintiff shall expressly and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. The Lead Plaintiff and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Lead Plaintiff shall expressly and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without

- 6 -

malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Lead Plaintiff acknowledges, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

## II.    THE LITIGATION

This is a securities fraud class action arising from allegedly false and misleading statements by Cornell Companies, Inc. regarding its success in deleveraging its balance sheet in order to improve its borrowing capacity and obtain a competitive advantage in the private for-profit prison industry. The case arises principally from statements made in connection with two transactions designed to move long-term debt off of Cornell's balance sheet – a synthetic lease transaction completed in August 2000 and a sale-leaseback transaction completed in August 2001 – and Cornell's subsequent announcements, on February 6 and March 6, 2002, that it was investigating the accounting for the transactions and would restate its financial statements to place debt associated with those transactions back on to its balance sheet.

This action was commenced on March 7, 2002 with the filing of a putative class action complaint by plaintiff Graydon Williams against Cornell and two of its officers, former CEO Steven Logan and former CFO John Hendrix. On May 6, 2002, Flyline Partners L.P. sought appointment as Lead Plaintiff pursuant to the provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Flyline's motion was granted on February 13, 2003, and its choice of Lead Counsel approved.

On March 17, 2003 Flyline filed a Consolidated Complaint for Violation of the Federal Securities Laws, asserting claims under §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and Rule 10b-5 promulgated thereunder, on behalf of a proposed class of

investors who purchased Cornell's publicly-traded common stock between March 6, 2001 and March 5, 2002. Flyline was joined by named plaintiff Richard Picard, who also asserted claims under §§11 and 15 of the Securities Act of 1933 ("1933 Act") on behalf of a subclass of investors who purchased 3.45 million shares of Cornell common stock sold in a Secondary Offering completed on November 27, 2001.

Defendants moved to dismiss the complaint for failure to state a claim and failure to meet the stringent pleading standards under the PSLRA. On September 15, 2003, while that motion was pending, plaintiffs sought and were subsequently granted leave to amend their initial consolidated complaint. Plaintiffs' First Amended Consolidated Complaint for Violation of the Federal Securities Laws was filed on October 30, 2003, and again asserted claims under §§10(b) and 20(a) of the Exchange Act and §§11 and 15 of the 1933 Act. Defendants again moved to dismiss the new complaint for failure to state a claim and for failure to meet the PSLRA pleading requirements.

On September 21, 2004, while Defendants' motion was pending, the parties attended a one-day mediation with the Hon. Layn R. Phillips (Ret.) to discuss the possible settlement of this action. Although no settlement was reached at the mediation, the parties continued informal settlement discussions thereafter. On or about February 3, 2005, the parties reached an agreement-in-principle on the monetary terms of a proposed settlement that both Lead Plaintiff and Lead Counsel believed was fair, reasonable and adequate and in the best interests of the proposed class. On March 31, 2005, while the parties were still discussing other material terms of the proposed Settlement, the Court issued its order granting Defendants' motion to dismiss plaintiffs' claims under the Exchange Act, but denying their motion to dismiss plaintiffs' claims under the 1933 Act. The parties thereafter finalized the terms of their proposed Settlement, and notified the Court on April 14, 2005 that an agreement to resolve this Litigation had been reached.

## III.   DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

The Defendants have denied and continue to deny each and all of the claims and contentions alleged by the Lead Plaintiff in the Litigation.  The Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation.   The Defendants also have denied and continue to deny, *inter alia*, the allegations that the Lead Plaintiff or the Settlement Class have suffered any damages, or that the Lead Plaintiff or the Settlement Class were harmed by the conduct alleged in the Litigation.

Nonetheless, the Defendants have concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.  The Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like this Litigation.  The Defendants have, therefore, determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in the Stipulation.

## IV.   CLAIMS OF THE LEAD PLAINTIFF AND BENEFITS OF SETTLEMENT

The Lead Plaintiff believes that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims.  However, counsel for the Lead Plaintiff recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against the Defendants through trial and through appeals.  Counsel for the Lead Plaintiff also have taken into account the additional risks to recovery arising as a result of the Court's March 31, 2005 order dismissing claims under the Exchange Act, as well as the uncertain outcomes and risks inherent in any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation.  Counsel for the Lead Plaintiff also are mindful of

the inherent problems of proof under and possible defenses to the violations asserted in the Litigation. Counsel for the Lead Plaintiff and the Lead Plaintiff believe that the Settlement set forth in the Stipulation confers substantial benefits upon the Settlement Class. Based on their evaluation, counsel for the Lead Plaintiff have determined that the Settlement set forth in the Stipulation is in the best interests of the Lead Plaintiff and the Settlement Class.

## V.    THE RIGHTS OF SETTLEMENT CLASS MEMBERS

If you are a Settlement Class Member, you may receive the benefit of and you will be bound by the terms of the proposed Settlement described in Section VI of this Notice, upon approval of it by the Court.

If you are a Settlement Class Member, you have the following options:

You may file a Proof of Claim as described below. If you choose this option, you will remain a Settlement Class Member, you will share in the proceeds of the proposed Settlement if your claim is timely and valid and if the proposed Settlement is finally approved by the Court, and you will be bound by the Judgment and release described below.

If you do not wish to be included in the Settlement Class and you do not wish to participate in the proposed Settlement described in this Notice, you may request to be excluded. To do so, you must so state in writing postmarked no later than _____, 2005. You must set forth: (a) the name of this Litigation (*In re Cornell Companies, Inc. Sec. Litig.*, Civil Action No. H-02-0866); (b) your name, address and telephone number, and the name and address of the record owner if different from your own; (c) the number of shares of Cornell common stock purchased and the number of shares sold during the Settlement Class Period and the dates and prices of such purchase(s) and/or sale(s); and (d) that you wish to be excluded from the Settlement Class. The exclusion request should be addressed as follows:

> *Cornell Securities Litigation*
> Claims Administrator

c/o Gilardi & Co. LLC
P.O. Box 990
Corte Madera, CA 94976-0990

NO REQUEST FOR EXCLUSION WILL BE CONSIDERED VALID UNLESS ALL OF THE

INFORMATION DESCRIBED ABOVE IS INCLUDED IN ANY SUCH REQUEST.

If you validly request exclusion from the Settlement Class, (a) you will be excluded from the

Settlement Class, (b) you will not share in the proceeds of the Settlement described herein, (c) you

will not be bound by any judgment entered in the Litigation, and (d) you will not be precluded, by

reason of your decision to request exclusion from the Settlement Class, from otherwise prosecuting

an individual claim, if timely, against Defendants based on the matters complained of in the

Litigation.

If you do not request in writing to be excluded from the Settlement Class as set forth above,

you will be bound by any and all determinations or judgments in the Litigation in connection with

the Settlement entered into or approved by the Court, whether favorable or unfavorable to the

Settlement Class including, without limitation, the Judgment described in Section VIII, below, and

you shall be deemed to have, and by operation of the Judgment shall have fully released all of the

Released Claims against the Released Persons, whether or not you submit a valid Proof of Claim.

If you do not request to be excluded from the Settlement Class, you may object to the

Settlement and/or the application of Lead Counsel for an award of attorneys' fees and

reimbursement of expenses and Representative Plaintiffs' reimbursement of expenses in the manner

set forth below. The filing of a Proof of Claim by a Settlement Class Member does not preclude a

Settlement Class Member from objecting to the Settlement. However, if your objection is rejected

you will be bound by the Settlement and the Judgment (described in Section VIII, below) just as if

you had not objected.

You may do nothing at all. If you choose this option, you will not share in the proceeds of the Settlement, but you will be bound by any judgment entered by the Court, and you shall be deemed to have, and by operation of the Judgment shall have fully released all of the Released Claims (defined above) against the Released Persons.

If you are a Settlement Class Member, you may, but are not required to, enter an appearance through counsel of your own choosing at your own expense. If you do not do so, you will be represented by Lead Counsel: Lerach Coughlin Stoia Geller Rudman & Robbins LLP, Keith F. Park, 401 B Street, Suite 1600, San Diego, California 92101.

## VI. THE PROPOSED SETTLEMENT

A settlement has been reached in the Litigation between the plaintiffs and the Defendants which is embodied in a Stipulation of Settlement dated as of April 14, 2005 (the "Stipulation of Settlement"), on file with the Court. The Lead Plaintiff and attorneys for the Lead Plaintiff, on the basis of, among other things, a thorough investigation of the facts and the law relating to the acts, events, and conduct complained of and the subject matter of the Litigation, have concluded that the proposed Settlement is fair to and in the best interests of the Settlement Class.

The following description of the proposed Settlement of the Litigation is only a summary, and reference is made to the text of the Stipulation, on file with the Court, for a full statement of its provisions:

The settlement fund consists of $7,000,000 in cash plus interest thereon (the "Settlement Fund").

Upon approval of the Stipulation by the Court and entry of a judgment that becomes a final judgment and upon satisfaction of the other conditions to the Settlement, described below, the Settlement Fund will be distributed as follows:

(a)    to pay costs and expenses in connection with providing notice to the members of the class and administering the Settlement on behalf of the Settlement Class;

(b)    to pay counsel to the Lead Plaintiff the attorneys' fees and expenses, with interest thereon (the "Fee and Expense Award") and reimburse the expenses of Representative Plaintiffs, if and to the extent allowed by the Court; and

(c)    to pay the reasonable costs incurred in the preparation of any tax returns required to be filed on behalf of the Settlement Fund as well as the taxes (and any interest and penalties determined to be due thereon) owed by reason of the earnings of the Settlement Fund, including all Taxes and Tax Expenses as defined in the Stipulation.

Subject to the approval by the Court of the Plan of Allocation described below, the balance of the Settlement Fund (the "Net Settlement Fund"), shall be distributed to Settlement Class Members who submit valid, timely Proof of Claim and Release forms ("Authorized Claimants") as follows:

(a)    Each Person claiming to be an Authorized Claimant shall be required to submit a separate Proof of Claim and Release signed under penalty of perjury and supported by such documents as specified in the Proof of Claim and Release as are reasonably available to the Authorized Claimant.

(b)    All Proof of Claim and Release forms must be postmarked or received by _____, 2005. Unless otherwise ordered by the Court, any Settlement Class Member who fails to submit a Proof of Claim and Release within such period, or such other period as may be ordered by the Court, shall be forever barred from receiving any payments pursuant to the Stipulation, but will in all other respects be subject to the provisions of the Stipulation of Settlement and the Final Judgment entered by the Court.

(c)    To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined

below. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid that percentage of the Net Settlement Fund that each Authorized Claimant's claim is of the total of the claims of all Authorized Claimants. A "claim" will be computed as follows:

1.      For shares of Cornell common stock purchased from March 6, 2001 through February 5, 2002, and

(a)      sold prior to February 6, 2002, the claim per share is 10% of the difference between the purchase price less the sales price.

(b)      sold between February 6, 2002 and March 5, 2002, the claim per share is the lesser of: (i) the purchase price less $12.551 (90-day average closing price), or (ii) $7.531 per share (February 6, 2002 price decline).

(c)      retained at the end of March 6, 2002, the claim per share is the lesser of: (i) the purchase price less $12.551 (90-day average closing price), or (ii) $8.422 per share (February 6, 2002 and March 6, 2002 price declines).

2.      For shares of Cornell common stock purchased from February 6, 2002 through March 5, 2002, and

(a)      sold prior to March 6, 2002, the claim per share is 10% of the difference between the purchase price and sales price.

(b)      retained at the end of March 6, 2002, the claim per share is the lesser of: (i) the purchase price less $12.551 (90-day average closing price), or (ii) $0.891 per share (March 6, 2002 price decline).

### Secondary Common Stock Offering

3.      For shares of Cornell common stock purchased in the company's Secondary Offering (shares issued pursuant to the Prospectus Supplement dated November 27, 2001), and

(a)    sold prior to March 6, 2002, the claim per share is the difference between the offering price ($14.00 per share) and the sales price.

(b)    retained at the end of March 6, 2002, the claim per share is $3.406 (offering price less the March 6, 2002 closing price).

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date.

For Settlement Class Members who held shares at the beginning of the Settlement Class Period or made multiple purchases or sales during the Settlement Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases and sales for purposes of calculating a claim. Under the FIFO method, sales of shares during the Settlement Class Period will be matched, in chronological order, first against shares held at the beginning of the Settlement Class Period. The remaining sales of shares during the Settlement Class Period will then be matched, in chronological order, against shares purchased during the Settlement Class Period.

A Settlement Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Settlement Class Member had a net loss, after all profits from transactions in Cornell common stock during the Settlement Class Period are subtracted from all losses. However, the proceeds from sales of common stock which have been matched against stock held at the beginning of the Settlement Class Period will not be used in the calculation of such net loss.

The Court has reserved jurisdiction to allow, disallow or adjust the claim of any Settlement Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. No Person shall have any claim against Lead Counsel or any claims administrator or Defendants or agents designated by Lead Counsel or Defendants or Defendants' counsel based on distributions made substantially in accordance with the Stipulation of Settlement

and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. All Settlement Class Members who fail to complete and file a valid and timely Proof of Claim and Release shall be barred from participating in distributions from the Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

To share in the Settlement Fund, you must submit a valid Proof of Claim and Release on the form enclosed with this Notice such that it is postmarked or received no later than _____, 2005, at the address set forth in the attached Proof of Claim and Release form.

## VII.   CONDITIONS FOR SETTLEMENT

The Settlement is conditioned upon the occurrence of certain events described in the Stipulation of Settlement. Those events include, among other things: (1) entry of the Judgment by the Court, as provided for in the Stipulation of Settlement; and (2) expiration of the time to appeal from or alter or amend the Judgment. If, for any reason, any one of the conditions described in the Stipulation of Settlement is not met, the Stipulation of Settlement might be terminated and, if terminated, will become null and void, and the parties to the Stipulation of Settlement will be restored to their respective positions as of April 13, 2005.

## VIII.  DISMISSAL AND RELEASES

If the proposed Settlement is approved by the Court, the Court will enter a Final Judgment and Order of Dismissal with Prejudice ("Judgment") which will dismiss the Litigation as against Defendants with prejudice, and bar and permanently enjoin the Lead Plaintiff and each Settlement Class Member, whether or not such Settlement Class Member has submitted a Proof of Claim, from prosecuting the Released Claims against the Released Persons, and any such Settlement Class Member shall be conclusively deemed to have released any and all such Released Claims against the Released Persons. The Court shall retain jurisdiction over implementation of the Settlement, disposition of the Settlement Fund, hearing and determining Lead Counsel's application for

attorneys' fees, expenses and interest, Representative Plaintiffs' application for reimbursement of expenses, and enforcing and administering the Stipulation, including any releases executed in connection therewith.

## IX.   NOTICE TO BANKS, BROKERS, AND OTHER NOMINEES

Banks, brokerage firms, institutions, and other Persons who are nominees who purchased the common stock of Cornell for the beneficial interest of other Persons as of any day from March 6, 2001 through and including March 5, 2002, are requested within ten (10) days of receipt of this Notice, to (1) provide the Claims Administrator with the names and addresses of such beneficial purchasers, or to (2) forward a copy of this Notice to each such beneficial purchaser and provide written confirmation that this Notice has been so forwarded.  Lead Counsel offer to prepay your reasonable costs and expenses of complying with this provision upon submission of appropriate documentation.  Additional copies of the Notice may be obtained for forwarding to such beneficial owners.  All such correspondence should be addressed as follows:

> *Cornell Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 990
> Corte Madera, CA 94976-0990

## X.   ATTORNEYS' FEES AND EXPENSES OF LEAD PLAINTIFF'S ATTORNEYS

To date, Lead Plaintiff's counsel have not received any payment for their services in conducting this Litigation on behalf of the Lead Plaintiff and the Members of the Settlement Class, nor have counsel been reimbursed for their expenses incurred in prosecuting the Litigation.  Lead Counsel in the Litigation will apply to the Court at the Hearing described below, for an award of attorneys' fees of up to 25% of the Settlement Fund and reimbursement of litigation expenses which were incurred in connection with the Litigation not to exceed $200,000.  In addition, Representative Plaintiffs will seek reimbursement of their expenses (including lost wages) incurred in prosecuting

the Litigation on behalf of the Settlement Class in an amount not to exceed $2,000.00 each. Such sums as may be granted by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any fees or expenses awarded by the Court.

The fee requested by Lead Plaintiff's counsel will compensate them for their efforts in achieving the Settlement Fund for the benefit of the Settlement Class, and for their risk in undertaking this case on a contingent basis. If approved by the Court, the fee requested would be within the range of fees awarded to plaintiffs' counsel under similar circumstances in litigation of this type.

## XI.  THE HEARING ON PROPOSED SETTLEMENT

A hearing (the "Hearing") will be held before the Honorable Vanessa D. Gilmore, in Courtroom 9A, 9th Floor of the Bob Casey United States Courthouse located at 515 Rusk Street, Houston, Texas, at __:__ __.m., on _____, 2005, for the purpose of determining: (1) whether the proposed Settlement is fair, reasonable and adequate and whether it should be approved by the Court; (2) whether the proposed Plan of Allocation is fair, just, reasonable and adequate; (3) whether the application of Lead Counsel and Representative Plaintiffs for an award of attorneys' fees and expenses should be approved; and (4) whether a Judgment should be entered dismissing the Litigation with prejudice as against Defendants. The Hearing may be adjourned from time to time by the Court at the Hearing or any adjourned session thereof without further notice.

Any Member of the Settlement Class who has not requested exclusion may appear at the Hearing to show cause why the proposed Settlement should not be approved, or the Litigation should not be dismissed with prejudice as against the Defendants, and to present any opposition to the Plan of Allocation or the application of Lead Counsel or Representative Plaintiffs for attorneys' fees and expenses; provided, however, that no such Person shall be heard, unless his, her or its objection or opposition is made in writing and is filed, together with copies of all other papers and briefs by him,

her or it with the Court no later than _____, 2005, and *received* on or before _____, 2005 by both:

> LERACH COUGHLIN STOIA GELLER
>   RUDMAN & ROBBINS LLP
> KEITH F. PARK
> 401 B St., Ste. 1600
> San Diego, CA 92101
>
> Counsel for Lead Plaintiff
>
> TIMOTHY MCCORMICK
> THOMPSON & KNIGHT
> 1700 Pacific Ave., Ste. 3300
> Dallas, TX 75201
>
>     and
>
> PAUL BESSETTE
> AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.
> 300 West Sixth St., Ste. 2100
> Austin, TX 78701
>
> Counsel for Defendants

Unless otherwise ordered by the Court, any Member of the Settlement Class who does not make his, her or its objection or opposition in the manner provided herein shall be deemed to have waived all objections and opposition to the fairness, reasonableness and adequacy of the proposed Settlement, the Plan of Allocation, or to the request of Lead Counsel or Representative Plaintiffs for attorneys' fees and expenses.

## XII. EXAMINATION OF PAPERS AND INQUIRIES

This Notice contains only a summary of the terms of the proposed Settlement. For a more detailed statement of the matters involved in the Litigation, reference is made to the pleadings, to the Stipulation of Settlement and to other papers filed in this action which may be inspected at the Office of the Clerk, United States District Court, Southern District of Texas, 515 Rusk Street, Houston, Texas, during business hours of each business day.

If you have any questions about the settlement of the Litigation, you may contact Lead Counsel by writing:

> LERACH COUGHLIN STOIA GELLER
>   RUDMAN & ROBBINS LLP
> KEITH F. PARK
> 401 B Street, Suite 1600
> San Diego, CA  92101

**DO NOT CONTACT THE COURT REGARDING THIS NOTICE.**


DATED: _____, 2005      BY ORDER OF THE COURT
                                   UNITED STATES DISTRICT COURT
                                   SOUTHERN DISTRICT OF TEXAS

S:\Settlement\Cornell.set\V1-A1-00021122.doc

# EXHIBIT
# A-2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re CORNELL COMPANIES, INC. SECURITIES LITIGATION | § § § | Civil Action No. H-02-0866 |
| | § | <u>CLASS ACTION</u> |
| | § | |
| This Document Relates To: | § § | |
| ALL ACTIONS. | § § | |

**PROOF OF CLAIM AND RELEASE**

**EXHIBIT A-2**

## I.  GENERAL INSTRUCTIONS

1.  To recover as a member of the class based on your claims in the action entitled *In re Cornell Companies Inc. Securities Litigation*, Civil Action No. H-02-0866 (the "Litigation"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release.  If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed Settlement of the Litigation.

2.  Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of settlement in the Litigation.

**3.  YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE _____, 2005, ADDRESSED AS FOLLOWS:**

> *Cornell Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 990
> Corte Madera, CA  94976-0990

4.  If you are NOT a Member of the Settlement Class (as defined in the "Notice of Pendency and Settlement of Class Action") DO NOT submit a Proof of Claim and Release form.

5.  If you are a Member of the Settlement Class and you did not timely request exclusion in connection with the proposed Settlement, you are bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE.

## II.  DEFINITIONS

1.  "Defendants" means Cornell and the Individual Defendants.

2.  "Individual Defendants" means Steven W. Logan and John L. Hendrix.

3.     "Cornell" means Cornell Companies, Inc. and any or all of its predecessors, successors, parents, subsidiaries, divisions, officers, directors, employees and/or related or affiliated entities.

4.     "Released Persons" means each and all of the Defendants and their Related Parties (defined below).

## III.    CLAIMANT IDENTIFICATION

1.     If you purchased Cornell common stock and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser.  If, however, you purchased Cornell common stock and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2.     Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of Cornell common stock which forms the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS, OF THE CORNELL COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

3.     All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## IV.    CLAIM FORM

1.     Use Part II of this form entitled "Schedule of Transactions in Cornell Common Stock" to supply all required details of your transaction(s) in Cornell common stock.  If you need

more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

2.      On the schedules, provide all of the requested information with respect to *all* of your purchases and *all* of your sales of Cornell common stock which took place at any time beginning March 6, 2001 through and including March 5, 2002 (the "Settlement Class Period"), whether such transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.

3.      List each transaction in the Settlement Class Period separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day and year of each transaction you list.

4.      The date of covering a "short sale" is deemed to be the date of purchase of Cornell common stock.  The date of a "short sale" is deemed to be the date of sale of Cornell common stock.

5.      Broker confirmations or other documentation of your transactions in Cornell common stock should be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

*In re Cornell Companies, Inc. Securities Litigation*

Civil Action No. H-02-0866

PROOF OF CLAIM AND RELEASE

Must be Postmarked No Later Than:

_____, 2005

Please Type or Print

PART I:      CLAIMANT IDENTIFICATION

_____

Beneficial Owner's Name (First, Middle, Last)

_____

Street Address

_____          _____

City                                        State or Province

_____          _____

Zip Code or Postal Code                    Country

_____          _____          Individual

Social Security Number or          _____          Corporation/Other
Taxpayer Identification Number

_____

Area Code          Telephone Number (work)

_____

Area Code          Telephone Number (home)

_____

Record Owner's Name (if different from beneficial owner listed above)

- 4 -

PART II:        SCHEDULE OF TRANSACTIONS IN CORNELL COMMON STOCK

A.        Number of Shares of Cornell common stock held at the commencement of trading on March 6, 2001: _____

B.        Purchases (March 6, 2001 – March 5, 2002, inclusive) of Cornell common stock:

| Trade Date Mo. Day Year | Number of Shares Purchased | Total Purchase Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

IMPORTANT: Identify by number listed above all purchases in which you covered a "short sale": _____

C.        Sales (March 6, 2001 – March 5, 2002, inclusive) of Cornell common stock:

| Trade Date Mo. Day Year | Number of Shares Sold | Total Sales Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

D.        Number of shares of Cornell common stock held at close of trading on March 5, 2002: _____

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

**YOU MUST READ THE RELEASE AND YOUR SIGNATURE ON PAGE __ WILL CONSTITUTE YOUR ACKNOWLEDGMENT OF THE RELEASE.**

## V.   SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice. I also submit to the jurisdiction of the United States District Court for the Southern District of Texas, with respect to my claim as a Settlement Class Member and for purposes of enforcing the release set forth herein. I further acknowledge that I am bound by and subject to the terms of any judgment that may be entered in the Litigation. I agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other Cornell securities such as options) if requested to do so. I have not submitted any other claim covering the same purchases or sales of Cornell common stock during the Settlement Class Period which includes the subclass's claims under §§11 and 15 of the Securities Act of 1933 for purchases of Cornell common stock sold in a Secondary Offering completed on November 27, 2001, and I know of no other person having done so on my behalf.

## VI.   RELEASE

1.   I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from the Released Claims each and all of the Defendants and each and all of their "Related Parties," defined as each of a Defendant's past or present directors, officers, employees, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, banks or investment banks, advisors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant has a controlling interest, any member of an Individual Defendant's immediate family, or any trust of which any Defendant is the settlor or which is for the benefit of any Individual Defendant and/or member(s) of his family.

2.   By this waiver I (we) shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state

- 6 -

or territory of the United States, or principle of common law, which is similar, comparable or

equivalent to California Civil Code §1542. Even if I (we) hereafter discover facts in addition to or

different from those which I (we) now know(s) or believe to be true with respect to the subject

matter of the Released Claims, upon the Effective Date, I (we) shall be deemed to have, and by

operation of the Judgment shall have, fully, finally, and forever settled and released any and all

Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent,

whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of

law or equity now existing or coming into existence in the future, including, but not limited to,

conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule,

without regard to the subsequent discovery or existence of such different or additional facts. I (we)

shall be deemed by operation of the Judgment to have acknowledged that the foregoing waiver was

separately bargained for and a key element of the Settlement of which this release is a part.

  3. "Released Claims" shall collectively mean all claims (including "Unknown Claims"

as defined below), demands, rights, liabilities and causes of action of every nature and description

whatsoever, known or unknown, whether or not concealed or hidden, asserted or that might have

been asserted (including, without limitation, claims for negligence, gross negligence, breach of duty

of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, or violations of any state or

federal statutes, rules or regulations) by the Lead Plaintiff or any Settlement Class Member against

the Released Persons (as defined above) arising out of, based upon or related to any of the following:

(a) both the purchase of Cornell common stock by the Lead Plaintiff or any Settlement Class

Member during the Settlement Class Period and the allegations set forth or that could have been set

forth in the Litigation by Lead Plaintiff; (b) the purchase, sale or other disposition of Cornell

common stock by any of the Defendants during the Settlement Class Period; or (c) the settlement or

resolution of the Litigation (including, without limitation, any claim for attorneys' fees by Lead Plaintiff or Settlement Class Members).

4.      "Unknown Claims" means any Released Claims which the Lead Plaintiff or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons even those which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiff shall expressly and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights and benefits of California Civil Code §1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Lead Plaintiff shall expressly and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542.  The Lead Plaintiff and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Lead Plaintiff shall expressly and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or

heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Lead Plaintiff acknowledges, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

5.      I (we) hereby covenant and agree to refrain from instituting, commencing, or prosecuting any and all Released Claims (including Unknown Claims) against Defendants or their Related Parties.

6.      This release shall be of no force or effect unless and until the Court approves the Stipulation of Settlement and the Stipulation of Settlement becomes effective on the Effective Date (as defined in the Stipulation of Settlement).

7.      I (we) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

8.      I (we) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Cornell common stock which occurred during the Settlement Class Period as well as the number of shares of Cornell common stock held by me (us) at the close of trading on March 5, 2002.

9.      I (we) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

Note:   If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this_____day of _____,

(Month/Year)

in _____, _____.

(City)                                          (State/Country)

_____

(Sign your name here)

_____

(Type or print your name here)

_____

(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser,
Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1.     Please sign the above release and declaration.

2.     Remember to attach supporting documentation, if available.

3.     Do not send original stock certificates.

4.     Keep a copy of your claim form for your records.

5.     If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

6.     If you move, please send us your new address.

S:\Settlement\Cornell.set\V1-A2-00021131.doc

# EXHIBIT
# A-3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re CORNELL COMPANIES, INC. SECURITIES LITIGATION | § § § | Civil Action No. H-02-0866 CLASS ACTION |
| This Document Relates To: ALL ACTIONS. | § § § § § | |

**SUMMARY NOTICE**

**EXHIBIT A-3**

TO:   ALL PERSONS WHO PURCHASED CORNELL COMPANIES, INC. ("CORNELL")
COMMON STOCK DURING THE PERIOD MARCH 6, 2001 THROUGH MARCH 5,
2002, INCLUSIVE

YOU ARE HEREBY NOTIFIED that pursuant to an Order of the United States District

Court for the Southern District of Texas, a hearing will be held on _____, 2005, at __:__

__.m., before the Honorable Vanessa D. Gilmore, in Courtroom 9A, 9th Floor of the Bob Casey

United States Courthouse located at 515 Rusk Street, Houston, Texas, for the purpose of

determining: (1) whether the proposed class action settlement for the sum of $7,000,000 in cash

should be approved by the Court as fair, just, reasonable and adequate; (2) whether, thereafter, this

Litigation should be dismissed with prejudice as set forth in the Stipulation of Settlement dated as of

April 14, 2005; (3) whether the Plan of Allocation is fair, just, reasonable and adequate and therefore

should be approved; and (4) the reasonableness of the application of Lead Plaintiff's counsel and the

Representative Plaintiffs for the payment of attorneys' fees and reimbursement of expenses incurred

in connection with this Litigation, together with interest thereon.

If you purchased the common stock of Cornell during the period beginning March 6, 2001

through March 5, 2002, inclusive, your rights may be affected by this Litigation and the settlement

thereof. If you have not received a detailed Notice of Pendency and Settlement of Class Action and

a copy of the Proof of Claim and Release form, you may obtain copies by writing to *Cornell*

*Securities Litigation*, c/o Gilardi & Co. LLC, P.O. Box 990, Corte Madera, CA 94976-0990. If you

are a Settlement Class Member, in order to share in the distribution of the Settlement Fund, you must

submit a Proof of Claim and Release such that it is postmarked or received no later than _____,

2005, establishing that you are entitled to a recovery. You will be bound by any judgment rendered

in the Litigation unless you request to be excluded, in writing, to the above address, postmarked by

_____, 2005.

Any objection to the settlement must be filed with the Court no later than _____, 2005

and *received* by the following no later than _____, 2005:

> LERACH COUGHLIN STOIA GELLER
>   RUDMAN & ROBBINS LLP
> KEITH F. PARK
> 401 B St., Ste. 1600
> San Diego, CA 92101
>
> Counsel for Lead Plaintiff
>
> TIMOTHY MCCORMICK
> THOMPSON & KNIGHT
> 1700 Pacific Ave., Ste. 3300
> Dallas, TX 75201
>            and
>
> PAUL BESSETTE
> AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.
> 300 West Sixth St., Ste. 2100
> Austin, TX 78701
>
> Counsel for Defendants

**PLEASE  DO  NOT  CONTACT  THE  COURT  OR  THE  CLERK'S  OFFICE**

**REGARDING THIS NOTICE.**

DATED: _____, 2005   BY ORDER OF THE COURT
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF TEXAS

S:\Settlement\Cornell.set\V1-A3-00021133.doc

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re CORNELL COMPANIES, INC. | § | Civil Action No. H-02-0866 |
| SECURITIES LITIGATION | § | |
| | § | CLASS ACTION |
| | § | |
| This Document Relates To: | § | |
| | § | |
| ALL ACTIONS. | § | |
| | § | |

**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

**EXHIBIT B**

This matter came before the Court for hearing pursuant to the Order of this Court, dated _____, 2005, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated as of April 14, 2005 (the "Stipulation"). Due and adequate notice having been given to the Settlement Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.    This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2.    This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Settlement Class.

3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the settlement set forth in the Stipulation and finds that the contributions to the Settlement Fund are fair and that said settlement is, in all respects, fair, just, reasonable and adequate to the Settlement Class.

4.    Except as to any individual claim of those Persons (identified on Exhibit 1 hereto) who have validly and timely requested exclusion from the Settlement Class, this Court hereby dismisses with prejudice and without costs (except as otherwise provided in the Stipulation) the Litigation against the Defendants. Accordingly, Lead Plaintiff and Settlement Class Members are hereby permanently barred and enjoined from prosecuting the Released Claims against the Released Persons.

5.    Pursuant to the Private Securities Litigation Reform Act of 1995, the Court hereby bars all claims for contribution and equitable indemnification against the Released Persons.

6.      The Court finds that the Stipulation and settlement are fair, just, reasonable and adequate as to each of the Settling Parties, and that the Stipulation and settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

7.      Upon the Effective Date hereof, the Lead Plaintiff and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Class Claims (including Unknown Claims) against the Released Persons, whether or not such Settlement Class Member executed and delivered a Proof of Claim and Release.

8.      Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished and discharged each and all of the Settlement Class Members and counsel to the Lead Plaintiff from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

9.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, for purposes of effectuating this settlement, a Settlement Class of all Persons who purchased Cornell common stock any time during the period commencing on March 6, 2001 through and including March 5, 2002, including named plaintiff Richard Picard and the subclass on whose behalf he asserted claims under §§11 and 15 of the Securities Act of 1933 for purchases of 3.45 million shares of Cornell common stock sold in a Secondary Offering completed on November 27, 2001. Excluded from the Settlement Class are Defendants, members of the immediate families of the Individual Defendants, any entity in which any Defendant has or had a controlling interest, directors and officers of Cornell , and the legal representatives, heirs, successors, or assigns of any such excluded Person.  Those Persons who timely and validly requested exclusion from the

Settlement Class in accordance with the terms set forth in the Notice of Pendency and Proposed Settlement of Class Action are also excluded from the Settlement Class.

10.     With respect to the Settlement Class, this Court finds and concludes that: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class; (d) the Lead Plaintiff and its counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

11.     The Notice of Pendency and Settlement of Class Action provided to the Settlement Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Settlement Class who could be identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process.

12.     Any court order regarding the Plan of Allocation or the attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

13.     Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or any other defense or counterclaim.

14.     The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

15.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund and Plan of Allocation; (c) hearing and determining applications for attorneys' fees, costs, interest and expenses (including fees and costs of experts and/or consultants) in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

16.     In the event that the settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

17.     The Court finds that no just reason exists for delay in entering final judgment in accordance with the Stipulation and pursuant to Federal Rule of Civil Procedure 54(b). Accordingly, the Clerk is hereby directed to enter this Final Judgment and Order forthwith.

IT IS SO ORDERED.

DATED: _____     _____
                                    THE HONORABLE VANESSA D. GILMORE
                                    UNITED STATES DISTRICT JUDGE


S:\Settlement\Cornell.set\V1-EB-00021136.doc

## DECLARATION OF SERVICE BY UPS DELIVERY

I, the undersigned, declare:

1.      That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 401 B Street, Suite 1600, San Diego, California 92101.

2.      That on August 26, 2005, declarant served by UPS, next day delivery, the **STIPULATION OF SETTLEMENT** to the parties listed on the attached Service List.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 26th day of August, 2005, at San Diego, California.

_____
DANELLE L. MCNERTNEY

CORNELL COMPANIES (LEAD)
Service List - 8/24/2005    (202-070)
Page 1 of 1

## Counsel For Defendant(s)

Paul R. Bessette
Michael J. Biles
Akin, Gump, Strauss, Hauer & Feld, L.L.P.
300 W. Sixth Street, Suite 2100
Austin, TX 78701
    512/499-6200
    512/499-6290 (Fax)

Timothy R. McCormick
Jane Politz Brandt
Thompson & Knight, P.C.
1700 Pacific Avenue, Suite 3300
Dallas, TX 75201-4693
    214/969-1700
    214/969-1751 (Fax)

## Counsel For Plaintiff(s)

Timothy J. Crowley
Crowley Douglas & Norman, LLP
1301 McKinney, Suite 3500
Houston, TX 77010
    713/651-1771
    713/651-1775 (Fax)

William S. Lerach
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
401 B Street, Suite 1600
San Diego, CA 92101-4297
    619/231-1058
    619/231-7423 (Fax)

Patrick J. Coughlin
Dennis J. Herman
Sylvia Wahba Keller
Lerach Coughlin Stoia Geller Rudman &
Robbins LLP
100 Pine Street, Suite 2600
San Francisco, CA 94111-5238
    415/288-4545
    415/288-4534 (Fax)

Roger B. Greenberg
Schwartz, Junell, Greenberg & Oathout, LLP
Two Houston Center, 909 Fannin, Suite 2000
Houston, TX 77010
    713/752-0017
    713/752-0327 (Fax)